365 So.2d 575 (1978)
John FULFORD
v.
C. Paul PHELPS, Secretary, Louisiana Department of Corrections.
No. 12273.
Court of Appeal of Louisiana, First Circuit.
November 20, 1978.
John Fulford, in pro. per.
William J. Guste, Jr., Atty. Gen., Richard Rudolph, Staff Atty., Baton Rouge, counsel for defendant-appellee, C. Paul Phelps et al.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
*576 CHIASSON, Judge.
John Fulford, appellant, on August 1, 1977 filed suit against C. Paul Phelps, Secretary, Louisiana Department of Corrections (Department) asking that he be released from Close Cell Restriction (CCR) where he has been confined since June of 1976. Appellant was already confined in CCR when he was brought before a disciplinary board for a rule violation on June 21, 1976, which related to an escape plan that Fulford was alleged to be involved in. The information concerning the alleged escape plan was received from both inmate informers and a report by an FBI agent.
The disciplinary board's decision of July 9, 1976 states that, "The Board took no punitive action on the report except to send him back to his quarters which he now has." Fulford appealed the disciplinary board's decision to the Secretary of the Department of Corrections. On September 27, 1976, C. Paul Phelps, Secretary, granted the appeal in part, requiring that Fulford be given a new incident report and that a new hearing be held within ten days.
A new disciplinary board hearing on Fulford's case was held and on October 8, 1976, Fulford was sentenced to CCR by the disciplinary board. Fulford again appealed to the Secretary who denied the appeal on December 31, 1976.
Fulford, by his suit dated August 1, 1977, sought a judicial review of all of these proceedings and specifically asserts that he is being confined in CCR on an anonymous inmate informer's word and an unverified FBI agent's report.
The case was tried on December 6, 1977 and on December 21, 1977 the trial court ruled in Fulford's favor and ordered that he be transferred from CCR to the general population of Louisiana State Penitentiary. However, on December 21, 1977 the trial court granted the appellee's (Department's) motion for new trial.
On January 16, 1978 a new trial was held. On February 8, 1978 the trial court gave written reasons for judgment and on April 17, 1978 the trial court signed a judgment dismissing Fulford's suit. The trial court denied two motions by Fulford for a new trial, one on March 8, 1978 and the other on April 17, 1978. From the judgment dismissing his suit, Fulford has taken a devolutive appeal.
The Louisiana Supreme Court in its recent decision of October 10, 1978, In Re: Armistead, Jr. v. Phelps, Secretary, Department of Corrections, 365 So.2d 468, clarified the proper procedure and the standard of review for applications for review of administrative proceedings held under the Louisiana Department of Corrections' "Adult Rules, Regulations and Disciplinary Procedures" (January, 1977).
The correct procedure, as specified in the Armistead case, has been substantially complied with in the instant case.
We adopt as our own the finding of facts and reasons for judgment of the trial court, as follows:
"John Fulford, inmate at Louisiana State Penitentiary, seeks his release from Close Cell Restriction (CCR) at Angola, where he has been confined since June of 1976.
"The facts indicate that Fulford was placed in CCR following information received from inmate informers that Fulford and others were involved in an escape plot. This information was verified by Mr. Phil Petley, an FBI agent, who contacted prison officials and apparently described in detail the alleged escape plot. Fulford complains that he continues to be held in CCR solely on an anonymous inmate informer's word. Defendant says that the inmate informer's word is only a small part of the reason Fulford remains in CCR.
"Department of Corrections administrative procedures are involved in this case. Fulford's case is reviewed every ninety days; however, it has not been recommended that he be returned to the general prison population. The prison officials obviously are taking into consideration many factors. Fulford's prison record indicates that he had a prior history of escape from the Florida State Penitentiary. The record further indicates that on *577 numerous occasions Fulford has been caught with various amounts, sometimes substantial, of contraband cash.
"All prison officials testified that they still feel Fulford is a serious escape risk.
"Close Cell Restriction is not necessarily punitive segregation. It is maximum security detention. Plaintiff is treated the same as all others confined to CCR in the same category. He receives one hour per day away from his cell to exercise and attend to his hygiene and other personal needs.
"The law in this area is quite clear. Absent a violation of some constitutional right of equal protection or due process, the courts may not interfere in a Department of Correction's classification procedures. Prison authorities are and should be responsible for maintaining internal order and discipline and securing their institutions against escape. These administrators must have a great deal of discretion in accomplishing their purpose within constitutionally refined parameters. Fulford's detention in CCR does not violate any of his constitutional rights. His record, both criminal and penitentiary, together with repeated instances of possession of contraband cash, and the information that the penal authorities received relative to the alleged escape plan clearly indicate to this court that no violation of administrative discretion is involved in this matter and plaintiff's suit is dismissed."
The appellant also complains that the trial court erred in denying his motions for a new trial. Finding no abuse of discretion by the trial court, the denial of a new trial on discretionary grounds is affirmed. See C.C.P. art. 1973 and City of Baton Rouge v. Downtown Investment Corp., 290 So.2d 748 (La.App. 1st Cir. 1974).
Appellant also urged a peremptory ground for a new trial. Appellant contended that he had discovered, since trial, new evidence which he could not, with due diligence, have obtained before or during trial. Considering the length of time this case has been pending and the nature of the new evidence, we hold that appellant has failed to make the requisite showing of vigilance in obtaining the new evidence.
For these reason, the trial court's decision is affirmed.
AFFIRMED.