608 F.2d 1023
 Lionel McGRUDER, Jr., and for all others similarly situated,
Plaintiffs-Appellants,
v.
C. Paul PHELPS, Individually and In His Official Capacity as
Secretary Louisiana Department of Corrections, et
al., Defendants-Appellees.
 No. 79-2088
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Dec. 26, 1979.
 Lionel McGruder, Jr., pro se.
 S. Dwayne Broussard, Asst. Atty. Gen., Baton Rouge, La., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Louisiana.
 Before RONEY, HILL and KRAVITCH, Circuit Judges.
 JAMES C. HILL, Circuit Judge:
 
 
 1
 Plaintiff-Appellant Lionel McGruder, Jr., an inmate of the Louisiana State Penitentiary at Angola, filed this action under 42 U.S.C.A. § 1983 on October 31, 1978 on behalf of himself "and all others similarly situated." On his form petition he claimed deprivation of constitutional rights, discriminatory deprivation of privileges that were accorded to inmates in other cellblock areas, and failure of prison officials to apprise inmates of standards used to decide whether to transfer inmates out of Cellblock "C." On a separate sheet, apparently accepted as part of his complaint, he further alleged that "the totality surrounding the operations and deprivations" of inmates in Cellblock "C" constituted cruel and unusual punishment in violation of the eighth amendment. The deputy clerk of Court returned to him other materials that he had submitted with a cover letter that stated:
 
 
 2
 I am returning your memorandum of law for the reason that all pertinent facts must be included in your petition. No attachments will be accepted.
 
 
 3
 We do not have these materials before us but in a later letter to the Clerk, appellant stated that they contained a "statement of facts." Record, at 26.
 
 
 4
 On November 5, 1978 plaintiff requested permission to amend his complaint and the district judge granted this request on November 8, 1978. On November 11, 1978, in a letter addressed to the Clerk of Court but which began "Your Honor," plaintiff acknowledged receiving the district judge's letter and stated that he had decided to submit no more facts at that time and requesting instead that he be allowed to reserve the right to traverse defendants' answer.
 
 
 5
 On January 5, 1979 defendants filed a motion to dismiss under Rule 12(b)(6) stating as reasons:
 
 1.
 
 6
 "There is no constitutional right to be moved out of maximum security.2.
 
 
 7
 Plaintiff's incarceration in maximum security is proper due to the nature of the disciplinary charge brought against him."
 
 
 8
 On January 17, 1979 plaintiff filed what he denominated a "MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT" in which he stated that inmates in Cellblock "C" are confined to their cells an average of twenty-three and one-half hours a day and are deprived of outdoor exercise privileges as afforded inmates in all other cellblocks units, that the cellblock review board often takes as long as five months to meet in Cellblock "C," and that more than five months elapsed before the review board reviewed (and continued) plaintiff's assignment to Cellblock "C."
 
 
 9
 The magistrate prepared his report of January 26, 1979 without oral argument and recommended dismissal of plaintiff's complaint for failure to state a claim upon which relief can be granted. As we read that report, Record, at 32-33, the magistrate considered only plaintiff's allegations of discrimination in regard to privileges and the absence of objective criteria made known to prisoners to be used by prison officials in transferring prisoners out of Cellblock "C." On February 8, 1978, plaintiff filed a "Traverse" in which he urged that he had alleged facts to support his allegations in the papers he filed on January 15, 1979 (which actually were filed on January 17, 1979). He again asserted eighth and fourteenth amendment violations. Record, at 35-37.
 
 
 10
 On February 14, 1979 the district judge, "after due consideration of the Magistrate's Report of January 26, 1979, and the objections thereto filed by the plaintiff, and for the reasons stated in the Magistrate's Report," granted defendants' motion to dismiss.
 
 
 11
 We focus on the facts alleged in the materials that plaintiff filed on January 17, 1979. It is true that the district judge had earlier informed the plaintiff that he might amend his complaint and plaintiff had then declined to do so. It is also true, however, that on January 17, 1979, the plaintiff could amend his pleading as a matter of course because defendants had only made a motion to dismiss. Under Rule 15(a) of the Rules of Civil Procedure a party may amend without leave of court at any time before a responsive pleading is served and in this circuit a motion to dismiss is not a responsive pleading for purposes of Rule 15(a). McLellan v. Mississippi Power & Light Co., 526 F.2d 870 (5th Cir. 1976), Rev'd on other grounds, 545 F.2d 919 (5th Cir. 1977) (in all other respects panel opinion remains undisturbed). In view of the liberality accorded to the pleadings of Pro se petitioners in Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and similar cases, we find that the district judge should have treated the materials filed by plaintiff on January 17, 1979, however denominated, as an amendment to his complaint or an addition in the nature of an amendment.
 
 
 12
 The facts asserted in those materials, confinement to a cell for twenty-three and one-half hours per day for periods of months and absence of outdoor exercise, may make out an eighth amendment violation. The district court therefore erred in dismissing the complaint for failure to state a claim upon which relief may be granted. We reverse and remand for further proceedings in the district court where facts must be developed in regard to this claim. We invite the district court's attention to the following cases dealing with a lack of sufficient exercise as a possible violation of the eighth amendment. Campbell v. McGruder, 188 U.S.App.D.C. 258, 580 F.2d 521 (D.C.Cir.1978); Dorrough v. Hogan, 563 F.2d 1259, 1264 (5th Cir. 1977); Miller v. Carson, 563 F.2d 741, 749-50 (5th Cir. 1977); Nadeau v. Helgemoe, 561 F.2d 411, 420 (1st Cir. 1977); Smith v. Sullivan, 553 F.2d 373, 379 (5th Cir. 1977); Kirby v. Blackledge, 530 F.2d 583, 586-87 (4th Cir. 1976); Sweet v. South Carolina Dept. of Corrections, 529 F.2d 854 (4th Cir. 1975); Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971); James v. Wallace, 406 F.Supp. 318 (M.D.Ala.1976).
 
 
 13
 Appellant's allegations regarding the restrictions on institutional, educational and vocational programs, religious services, participation in the blood plasma program, and movie privileges are without merit, See, Dorrough v. Hogan, 563 F.2d 1259, 1262-63 (5th Cir. 1977), and as to this issue the dismissal was proper. The same holds true of his contention that the rights of Cellblock "C" inmates are violated because no objective criteria is made known to them for classifying them Out of the unit, since there is no requirement in either state or federal law that such objective criteria be made known. (He has not challenged his classification To the unit.) Classification of inmates in Louisiana is a duty of the La. Dept. of Corrections and inmates have no right to a particular classification under state law. LSA-R.S. 15:824; 828, 829; Fulford v. Phelps, 365 So.2d 575 (La.App.1978). Prison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status. Montanye v. Haymes, 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); Jones v. U. S., 534 F.2d 53, 54 (5th Cir.), Cert. denied, 429 U.S. 978, 97 S.Ct. 487, 50 L.Ed.2d 586 (1976); Young v. Wainwright, 449 F.2d 338, 339 (5th Cir. 1971). We do, however, call the district judge's attention to petitioner's claim that the cellblock review board often does not review assignment to extended lockdown for five months in violation of the institution's ninety-day review standards and to the materials appended to appellee's brief containing a copy of the judgment rendered in civil action No. 71-94 finding that agreements reached in regard to the operation, maintenance, and administration of the Louisiana State Penitentiary at Angola met constitutional requirements. These agreements include rules and regulations for disciplinary hearings and lockdown at that institution, one of which appears to require periodic review, at least every ninety days, of inmates in extended lockdown to determine whether to release them from lockdown.
 
 
 14
 REVERSED and REMANDED for further proceedings.
 
 
 
 *
 Fed.R.App.Proc. 34(a), 5th Cir. Local R. 18