Jessie E. WRIGHT, Plaintiff-Appellant,

v.

EL PASO COUNTY JAIL, Sheriff, et al.,
Defendants-Appellees.

No. 80–1695
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

April 8, 1981.

Jessie E. Wright, pro se.

Owen H. Ellington, El Paso, Tex., for defendants-appellees.

Before POLITZ, TATE and SAM D. JOHNSON, Circuit Judges.

TATE, Circuit Judge:

Former county jail prisoner Wright appeals from the district court's dismissal of his handwritten (on a form provided by the district court) pro se civil rights complaint for failure to state a claim upon which relief can be granted. See Fed.R.Civ.Pro. Rule 12(b)(6). We reverse and remand.

Wright, who is presently incarcerated in a New Mexico state prison, brings this action under 42 U.S.C. § 1983 against the defendant El Paso County Jail, El Paso County Sheriff (by title and a name) and "other responsible parties" alleging they: (1) negligently and deliberately failed to protect him from attacks by fellow inmates (Counts I and III), and (2) forced him to live under crowded and inhumane conditions (Count II), in violation of his constitutional rights. In establishing the factual bases for his claims, Wright, a black, alleges[1] that, while detained at the El Paso County Jail: (1) in December, 1977, he was attacked by several Mexican-American inmates because he testified against another Mexican-American in a suit concerning a previous stabbing incident; (2) he notified county jail personnel that his life was in danger, but no precautions were taken; (3) in February, 1978, he was again attacked by Mexican-

American inmates, again stemming from his earlier testimony, and was forced to undergo surgery as a result; and (4) the jail was infested with lice, rats, and roaches, and was so overcrowded that he had to sleep on the floor. Wright seeks *inter alia* $100,000 for actual damages.[2]

On motion of the defendant sheriff, the district court dismissed the complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.Pro. Rule 12(b)(6). The plaintiff appeals the judgment of dismissal.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A pro se prisoner complaint, such as this, is to be liberally construed in favor of the plaintiff. *Miller v. Stanmore*, 636 F.2d 986, 992 (5th Cir. 1981); *Taylor v. Gibson*, 529 F.2d 709, 714 (5th Cir. 1976).

In light of this standard of review, we hold that the allegations of Wright's complaint that the defendants negligently *and deliberately* failed to protect him from attack by fellow inmates and forced him to live under crowded and inhumane conditions are sufficient to state a claim under § 1983 based on federal eighth amendment constitutional deprivations.

A section 1983 plaintiff must prove both (1) deprivation of a federal constitutional or legal right, *see Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct.

---

1. In addition to his original complaint, Wright filed—in response to the defendant sheriff's motion for a more definite statement—a handwritten statement labeled a "Motion in Support of 1983 42 U.S.C. Civil Complaint," further detailing the factual bases for his claims. Due to the liberal consideration accorded pro se pleadings, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we consider this "Motion" an amendment to Wright's original complaint. *See McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979).

2. Wright also requested the dismissal of all pending charges against him and "immunity

from further subjection to the El Paso, County Jail." Whether the latter request should be liberally construed as a request for injunctive relief need not be decided since both it and the former request were rendered moot by Wright's conviction on the charges then pending and his incarceration at the New Mexico state prison. Nevertheless, Wright still has standing to seek damages arising out of the civil rights violations alleged to have occurred during his stay at the El Paso County Jail. *See Rhodes v. Bureau of Prisons*, 477 F.2d 347, 348 (5th Cir. 1973).

1598, 1604, 26 L.Ed.2d 142 (1970) which (2) resulted from the sort of abuse of government power that is necessary to raise an ordinary tort by a government agent to the stature of a violation of the Constitution. *Suthoff v. Yazoo City Industrial Development Corporation*, 637 F.2d 337, 340 (5th Cir. 1981), *rehearing denied*, 642 F.2d 822 (5th Cir. 1981). Confinement under conditions in which the prisoner is constantly subjected to the threat of violence by fellow prisoners or must live in overcrowded and unhealthy quarters may constitute cruel and unusual punishment in violation of the eighth amendment. *Jones v. Diamond*, 636 F.2d 1364, 1373–74 (5th Cir. 1981) (En Banc). In order to state a § 1983 cause of action against prison officials based on a constitutional deprivation resulting from cruel and unusual punishment, there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature. *See Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979); *Fielder v. Bosshard*, 590 F.2d 105, 109 (5th Cir. 1979). The prisoner plaintiff's pro se complaint sufficiently satisfies these threshold requirements such that it cannot be seen from the face of the complaint that he can prove no set of facts entitling him to relief under § 1983.[3]

We hold that the district court improperly dismissed the complaint for failure to state a claim upon which relief can be granted and, therefore, REVERSE AND REMAND.

---

**3.** The magistrate, in his report and recommendation, incorrectly suggests that the Sheriff of El Paso County is not subject to liability under § 1983. The sheriff is not immune from a § 1983 damages suit brought against him in his official capacity, since in essence the suit is against the governmental unit of which the officer is an agent, and the county itself is not immune from a damages suit. See *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Familias Unidas v. Briscoe*, 619 F.2d 391, 403–404 (5th Cir. 1980). If sued in his individual capacity, otherwise, the sheriff may avoid § 1983 liability to the extent that he has available to him a qualified, good faith immunity. See *Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855 (1978).

With regard to the other defendants, it may be appropriate on remand—especially considering the liberal treatment due pro se complaints, *see Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)—to allow the plaintiff to amend his complaint to change the defendant El Paso County Jail to El Paso County and to name the "responsible parties" as their actual identities become available through discovery. See Fed.R.Civ.Proc. Rule 15.