Terry Mark GUIDRY

v.

**JEFFERSON COUNTY DETENTION
CENTER, et al.**

No. 1:94CV122.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 14, 1994.

**190**

Terry Mark Guidry, pro se.

Richard Baker, Asst. Dist. Atty., Jefferson County, for defendants.

### REPORT AND RECOMMENDATION

HINES, United States Magistrate Judge.

Plaintiff Terry Mark Guidry, proceeding *in forma pauperis* and pro se, brings this action pursuant to Title 42 U.S.C. § 1983 against "Jefferson County Detention Center" and Marc Hawthorn, a corrections officer. Plaintiff furthers Eighth Amendment claims of excessive force and inadequate medical care.

The above-styled action was referred to the magistrate judge pursuant to Title 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate, dated July 3, 1980, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### I. BACKGROUND

Plaintiff alleges that on or about January 28, 1994, while incarcerated at the Jefferson County Detention Center,[1] he was involved in a fight with another inmate. Instead of intervening to quell the disturbance, plaintiff contends Officer Marc Hawthorn struck plaintiff in the face. Plaintiff admits he retaliated against Hawthorn to defend himself from the blows. Plaintiff next alleges the lights in his cell were then turned off by another officer. He states Hawthorn administered further blows about the head and an excessively violent "choke hold." As a result of this incident, plaintiff sustained an injured jaw that remained sore for six to eight weeks.

Plaintiff requested to see medical personnel one hour later. He was brought from his cell to the infirmary, but alleges he did not see a physician at that time.[2] One week later, a physician examined plaintiff and allegedly stated he would schedule an X-ray of plaintiff's jaw. This X-ray never occurred. The soreness in plaintiff's jaw subsided independently.

---

1. While plaintiff's response to this court's Order for a More Definite Statement contains the assertion that he was a pretrial detainee, during the October 11, 1994 pre-trial conference, plaintiff represented in open court that his parole on a previous conviction already was adjudicated revoked at the time of the incident in question. Therefore, legal analysis may proceed under the standard for a convicted inmate.

2. Defendants contend a nurse examined plaintiff.

## II. PENDING MOTIONS

Defendants have submitted three motions. Defendant Jefferson County Detention Center moves to strike itself as a defendant on the basis that it is not a legal entity capable of being sued.

Defendant Hawthorn asserts a defense of qualified immunity and moves to dismiss for failure to satisfy the heightened pleading requirement, which this court construes as a Motion to Compel Further Pleadings or in the alternative Motion to Dismiss. *See* FED. R.CIV.P. 8(f).

Lastly, Hawthorn submits a motion for summary judgment.

Plaintiff has not responded to these motions.

### A. *The Motion to Strike Jefferson County Detention Center*

The First Amendment of our United States Constitution guarantees all citizens the right to petition the courts for redress of grievances. *See* U.S. CONST. amend. I. *See also Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). The additional constitutional guarantee of Equal Protection under the law requires the courts be equally accessible to rich and poor, the represented and the unrepresented. *See* U.S. CONST. amend. 14. *See also* 28 U.S.C.A. § 1915 (West 1994). To further and protect these policies, courts are required to construe the pleadings of a pro se litigant liberally. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). Federal Rule of Civil Procedure 8(f) further counsels liberality of construction. *See* FED.R.CIV.P. 8(f) (pleadings should be construed to do "substantial justice").

There is no doubt that the "Jefferson County Detention Center" is not a legal entity capable of being sued. *See Wright v. El Paso County Jail,* 642 F.2d 134, 136 n. 3 (5th Cir.1981). However, the correct remedy to a pro se litigant who improperly names defendants is permissive amendment of the complaint. *See Gallegos v. Louisiana Code of Criminal Procedure art. 658,* 858 F.2d 1091, 1092 (5th Cir.1988); *Chancery Clerk of Chickasaw County, Mississippi v. Wallace,* 646 F.2d 151, 160 (5th Cir.1981). Allowing amendment of the complaint corresponds with the philosophy of liberal reading of pro se pleadings. Where a lay person confronts with the morass attorneys and judges call civil procedure, mistakes may occur for which dismissal or other disposition may work an injustice. Similarly, where the correct defendant has actual knowledge of the suit against him or her, amendment does not prejudice defendant's interest. *See Barr v. Arco Chem. Corp.,* 529 F.Supp. 1275 (S.D.Tex 1982). Striking the Detention Center would indirectly dismiss plaintiff's inadequate medical care claim because plaintiff has cited no other defendant he wishes to hold responsible. If plaintiff is able to prove a colorable claim, then clearly, the interest of justice would not be served in dismissing it on a technical error. The appropriate defendant appears to be Jefferson County. *See Wright,* 642 F.2d at 136 n. 3 (plaintiff may amend complaint to change El Paso County Jail to El Paso County). *See also* TEX.CIV.PRAC. & REM.CODE ANN. § 101.0215(a)(7) (Vernon Supp.1994) (jail operation constitutes a municipal government function). Jefferson County has had actual notice of this suit, due to the commonality of representation between Hawthorne and his employer, the County, who appears for the jail. In the interest of substantial justice, the plaintiff should be given the opportunity to amend his complaint to include the appropriate defendant and the defendant Jefferson County Detention Center should be stricken.

### B. *Defendant Hawthorn's Motion to Dismiss Claim*

This motion is grounded in the qualified immunity doctrine. The doctrine may be summarized thus: "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396, 411 (1982). *See also Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Chrissy F. v. Mississippi Dep't of*

*Public Welfare,* 925 F.2d 844, 848 (5th Cir. 1991); *Jacquez v. Procunier,* 801 F.2d 789, 792 (5th Cir.1986); *Elliott v. Perez,* 751 F.2d 1472 (5th Cir.1985).

■ The shield of qualified immunity is not limited to high-ranking officials. If a government official acts within the scope of general matters committed to his or her control or supervision and does not act beyond the authority allocated, the doctrine of immunity applies regardless of the official's rank. *Norton v. McShane,* 332 F.2d 855, 859 (5th Cir.1964), *cert. denied,* 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965).

■ When a government official claims immunity, plaintiff must satisfy a heightened pleading standard. Plaintiff must allege with sufficient particularity all material facts establishing his right to recovery, including facts which negate the official's immunity defense. *Jacquez,* 801 F.2d at 791; *Elliott v. Perez,* 751 F.2d 1472, 1478–79, 1482 (5th Cir. 1985).[3] "To survive a motion to dismiss in cases where qualified immunity is raised, a plaintiff must state facts, which, if proved, would defeat the defense." *Babb v. Dorman,* 33 F.3d 472, 475 (5th Cir.1994). Review of the record and pleadings reveals plaintiff has not met this standard. In Plaintiff's Amended Complaint of April 12, 1994, he states that "[t]he use of excessive force was unnecessary, cruel and unusual" and that the "officer knew or reasonably should have known that the actions he took within the sphere of official responsibilities would violate the rights of the person affected." Plaintiff has stated the law to be applied in this case, including the assertion that significant injury is no longer required to state a claim for an Eighth Amendment excessive force claim. *See Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). *But see Rankin v. Klevenhagen,* 5 F.3d 103 (5th Cir. 1993) (some injury still required). However, "[t]o state a claim, a pleader must allege facts, not legal conclusions." *Hanson v. Town of Flower Mound,* 679 F.2d 497, 504

(5th Cir.1982). Plaintiff must "state[ ] with factual detail and particularity the basis for the claim which must necessarily include[ ] why the defendant-official can not successfully maintain the defense of immunity." *Elliott,* 751 F.2d at 1473.

■ In short, plaintiff must assert facts that show no reasonable officer could have believed this conduct was permissible under the law as it existed at the time of the incident. *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); *Harper v. Harris County, Texas,* 21 F.3d 597, 600–01 (5th Cir.1994) (per curiam); *Rankin,* 5 F.3d at 106–07. In January of 1994, the "core judicial inquiry" in an Eighth Amendment excessive force assessment of reasonableness focused on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson,* 503 U.S. at ——, 112 S.Ct. at 999. Furthermore, plaintiff must allege *some* injury arose from the incident, even if such injury was insignificant. *Rankin,* 5 F.3d at 108 (quoting *Spann v. Rainey,* 987 F.2d 1110 (5th Cir.1993)).

Opportunity to cure this defect is the appropriate course of action. *See Jacquez,* 801 F.2d at 792. Plaintiff therefore should have thirty (30) days in which to cure the defect in his pleadings and provide the court with facts overcoming the assertion of immunity. Failure to provide such facts should warrant dismissal.

## C. Defendant Hawthorn's Motion for Summary Judgment

■ Summary judgment may not be granted by default because the plaintiff has failed to respond to the motion. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985). However, where no response is filed, the court may accept as true movant's version of the facts and grant summary judgment when a prima facie case for entitlement

---

**3.** In 1993, the Supreme Court struck down the heightened pleading requirement in § 1983 actions against municipalities. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). However, the Fifth Circuit recently decided heightened pleading is required in § 1983 litigation against municipal *officers.* *Babb v. Dorman,* 33 F.3d 472 (5th Cir.1994).

is made. *Eversley v. MBank Dallas,* 843 F.2d 172, 174 (5th Cir.1988).

Federal Rule of Civil Procedure 56(c) states that summary judgment shall be rendered if "there is no genuine issue as to any material fact and that moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The movant has the burden of proving the lack of a genuine issue as to all the material facts. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1221–23 (5th Cir.1985). In deciding a motion for summary judgment, the court must make a threshold inquiry in determining whether there is a need for trial due to the presence of questions more suited for resolution by a trier of fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Because summary judgment is a final adjudication on the merits, courts must employ this device cautiously. *Jackson v. Procunier,* 789 F.2d 307 (5th Cir.1986). In prisoner pro se cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir.1980).

In support of defendant's motion for summary judgment, counsel submits jail reports of the incident in question. Two officials involved in the altercation submitted these reports. The reports are unsworn, and not notarized or signed.

Federal Rule of Civil Procedure 56(c) provides guidance on the specific forms of support to be submitted in a motion for summary judgment. *See* FED.R.CIV.P. 56(c). The same rule requires that "affidavits shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence." FED.R.CIV.P. 56(e).

Affidavits in support of a summary judgment motion must be declared to be true and correct under penalty of perjury. *King v. Dogan,* 31 F.3d 344 (5th Cir.1994); *Nissho–Iwai American Corp. v. Kline,* 845 F.2d 1300 (5th Cir.1988). Without an affirmation, submissions to the court lack substance or weight and constitute mere hearsay. Therefore, unsworn documents are not appropriate for consideration in a summary judgment determination. *King,* 31 F.3d at 346; *Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 192 (5th Cir.1991); *Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547 (5th Cir.1987); *Meserole v. M/V Fina Belgique,* 736 F.2d 147, 149 (5th Cir.1984). Consequently, the reports of defendant Hawthorne or officer Kendrick Roberts, the other officer, may not be considered.

The only other documentation presented is defendant's answer. This does not support summary judgment because a parties' answer does not qualify as admissible evidence at trial. In any event, defendant acknowledges in the answer that a "brief fight occurred between the inmate and guard. After plaintiff calmed down, things were normal." This vitiates a claim for summary judgment, as there exists an issue of material fact that may affect the case's outcome. For example, if defendants admit a fight occurred, the modicum of force applied and its reasonableness is subject to scrutiny. Therefore, defendants cannot receive judgment as a matter of law.

Furthermore, with regard to the claim of inadequate medical care, defendant answers that plaintiff received medical attention on January 31, February 2, and February 24, 1994. The quantity of the plaintiff's treatment is not dispositive issue in an Eighth Amendment medical care claim. Instead, such a claim may rest on omissions *or acts,* that is, the *quality* of the care. The defendant could assert plaintiff saw a doctor every day for an entire month, but if the doctor did not treat a known and serious medical need, or rendered malicious treatment, then a cause of action would still lie. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Green v. McKaskle,* 788 F.2d 1116, 1126 (5th Cir. 1986); *Johnston v. Lucas,* 786 F.2d 1254, 1259 (5th Cir.1986). Summary judgment properly is denied.

## III. RECOMMENDATION

Defendant Jefferson County Detention Center's Motion to Strike Party Defendant

should be granted and plaintiff should be permitted to amend his complaint to substitute Jefferson County as defendant.

Defendant Marc Hawthorn's Motion to Compel Further Pleadings or in the Alternative Motion to Dismiss should be granted, to the extent that plaintiff shall provide the court with facts sufficient to overcome the assertion of qualified immunity with respect to Defendant Hawthorn, within thirty (30) days of receipt of the court's order. Failure to comply should result in dismissal.

Defendant Marc Hawthorn's Motion for Summary Judgment should be denied.

### IV. OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C) (West Supp.1985).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Rodriguez v. Bowen*, 857 F.2d 275 (5th Cir.1988).