Chuby R. LEWIS

v.

HOUSTON COUNTY JAIL, et al.

No. 9:93CV220.

United States District Court,
E.D. Texas,
Lufkin Division.

Feb. 2, 1995.

Chuby Lewis, pro se.

Jimbo Rains, Houston, TX and John E. Bobbitt, Crockett, TX, for defendant Jail.

William Pemberton, Crockett, TX, for defendant Garner.

*MEMORANDUM AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND OVERRULING PLAINTIFF'S OBJECTIONS*

HANNAH, District Judge.

Plaintiff Chuby R. Lewis, a prisoner of the Texas Department of Criminal Justice–Institutional Division ("TDCJ–ID"), Stevenson Unit, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff sues the Houston County Jail and Houston County District Attorney Cindy Maria Garner for false imprisonment and malicious prosecution arising from an arrest that occurred on or about July 22, 1992.

The court heretofore referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, pursuant to applicable laws and orders of this court. The court received and considered the Report of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings, and all available evidence.

Plaintiff filed objections to the magistrate judge's report. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. This court has engaged in a *de novo* review of the plaintiff's objections, the magistrate judge's report, the record, pleadings, and all other available evidence. For reasons expressed herein, the magistrate judge's recommendation that defendants' motions for summary judgment be granted will be adopted and plaintiff's objections will be overruled.

**I. NATURE OF THE CASE**

Plaintiff's complaint states his cause of action is based on the following facts:

On or about 6–1–92, I was arrested by a host of officers and sprayed with mase [sic] while handcuffed by deputy Buddy Cross because they the officers say I threatened another officer when I came to the Houston County Jail to file a complaint on an individual who shot at me.... I was arrested and held in the Houston County Jail for 9 months and when the time came to go before the grand jury, Mrs. Garner, the DA dismissed all charges and told me to leave Houston Co. and that if I return what will happen....

**II. MAGISTRATE JUDGE'S REPORT**

On December 13, 1994, United States Magistrate Judge Earl S. Hines submitted a report in which he recommended that the motions for summary judgment submitted by defendants be granted. The magistrate judge noted that the doctrine of absolute immunity barred suit against Ms. Garner. Furthermore, Deputy Cross arrested plaintiff subject to a warrant, which vitiated a claim for false arrest.

**III. PLAINTIFF'S OBJECTIONS**

On December 27, 1994, plaintiff submitted objections to the magistrate judge's recommendation.

Plaintiff requests time to gather evidence showing Deputy R.D. Purvis transported him to the Houston County Jail after he was released from the TDCJ–ID, sometime in February, 1992. Purvis' actions, plaintiff contends, were committed without a warrant and on the orders of Sheriff Jimbo Rains.

**IV. DISCUSSION**

The magistrate judge's analysis with regard to defendant Garner is unassailable. Plaintiff offers no contest to these assertions. Her actions as a district attorney with regard to prosecuting cases and dismissing charges are wholly under the purview of the absolute immunity doctrine. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir.1994). Therefore, her motion should be granted.

Plaintiff requests additional time to gather evidence with regard to Purvis' transport of him from the TDCJ–ID to the Houston County Jail in February of 1992. While the

dates are severely muddled in this case, it appears plaintiff was arrested, held in the county jail, transported to TDCJ–ID, released, returned to the jail,[1] and then released pursuant to a "post-indictment plea bargain" arranged with his attorney and defendant Garner.

As to any evidence plaintiff wishes to produce, this will be unnecessary. Plaintiff has not alleged he can produce evidence showing the warrant of July 22, 1992 is invalid. He never alleged the July warrant was secured on false information. He also does not allege the August 14, 1992 arrest was made without a warrant, because it was, the one of July 22. Therefore, as the magistrate judge noted, the detention pursuant to the warrant was valid. *See Stephenson v. Reno*, 28 F.3d 26 (5th Cir.1994); *Duckett v. Cedar Park*, 950 F.2d 272, 279 (5th Cir.1992). The warrant has not been attacked as based on false information or otherwise being defective, hence the detention pursuant to it will not form the basis for a false imprisonment claim.

The intervening incident with Purvis is not the incident which forms the subject matter of the case at hand. Plaintiff never mentioned Purvis in his complaint or amended complaint, nor did he mention this travel between TDCJ–ID and the jail in the original complaint. In his amended complaint, made in response to a specific questionnaire compiled by the court, *see Watson v. Ault*, 525 F.2d 886 (5th Cir.1976), he makes allusions to the transport from TDCJ–ID back to the jail, but never mentioned this was improper or the basis of his suit. It is obviously a separate incident. Even construing the pleadings of a *pro se* litigant liberally, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), these allegations are not under the umbrella of this lawsuit.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct, plaintiff's objection are **OVERRULED** and the Report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

1. Which leads the court to conclude plaintiff means Purvis picked him up on or about February

## FINAL JUDGMENT

This action came on before the court, Honorable John Hannah, Jr., District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered, it is

**ORDERED** and **ADJUDGED** that defendants' motions for summary judgment are **GRANTED** and this suit is **DISMISSED**. It is further

**ORDERED** and **ADJUDGED** that all motions by either party not previously ruled on are hereby **DENIED**.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

Plaintiff Chuby R. Lewis, a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, Stevenson Unit, proceeding pro se, brings this action pursuant to Title 42 U.S.C. § 1983 for malicious prosecution and false imprisonment. Defendants are the "Houston County Jail" and Houston County District Attorney Cindy Maria Garner.

This action was referred to a United States Magistrate Judge pursuant to Title 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for disposition of the case.

Pending are defendants' separate motions for summary judgment.

### I. NATURE OF THE CASE

Plaintiff alleges that he was placed in the Houston County Jail on or about July 22, 1992. The charge was retaliation against a police officer. He was held in jail for nine months before his indictment was dismissed.

Plaintiff alleges the district attorney "dismissed all charges and told [him] to leave her county and that if [he] returned she would lock [him] up and throw away the key."

ary of *1993*.

Defendant Garner denies this conversation with plaintiff, although she claims a "post-indictment plea bargain" was reached, whereby plaintiff was permitted to serve his parole in a county other than Houston in return for the dismissal of the charges.

## II. DISCUSSION

Federal Rule of Civil Procedure 56(c) states that summary judgment shall be rendered if "there is no genuine issue as to any material fact and that moving party is entitled to judgment as a matter of law." FED. R.CIV.P. 56(c). The movant has the burden of proving the lack of a genuine issue as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1221–23 (5th Cir.1985). In deciding a motion for summary judgment, the court must make a threshold inquiry in determining whether there is a need for trial due to the presence of questions more suited for resolution by a trier of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

■ Because summary judgment is a final adjudication on the merits, courts must employ this device cautiously. *Jackson v. Procunier*, 789 F.2d 307 (5th Cir.1986). In prisoner pro se cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir.1980). In considering a motion for summary judgment, the court must consider the facts in the light most favorable to the non-movant and reach "the inescapable conclusion that the defendants are entitled to a judgment in their favor as a matter of law." *Sanders v. English*, 950 F.2d 1152, 1159 (5th Cir.1992). Even while keeping these guidelines in the forefront of its decision making process, the court remains convinced no material issue exists in the case *sub judice* and both motions should be granted.

### a. The Motion of Defendant Cindy Maria Garner and the Cause of Action for Malicious Prosecution

Defendant Garner asserts dual grounds for relief from the case at hand. First, she alleges she is entitled to absolute prosecutorial immunity. Second, she asserts plaintiff cannot maintain an action for malicious prosecution without a favorable termination to the criminal proceedings against him.

Assertions of immunity are rightfully "decided by the court long before trial." *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991). Prompt and primary decision of the immunity question serves the doctrine's underlying policy, that is, "[t]he entitlement is *immunity from suit* rather than mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 525, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985). Early resolution also avoids the consumption of governmental resources in defense of a suit to which no damages or liability may be assessed.

Defendant Garner is the district attorney of Houston County. As such, she is entitled to absolute immunity if the actions complained of were taken within the scope of her duties as prosecutor. *See Boyd*, 31 F.3d 279; *Graves v. Hampton*, 1 F.3d 315 (5th Cir. 1993).

■ Plaintiff does not dispute he reached a compromise after which Garner decided to cease her prosecution efforts against plaintiff.

Acts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in his [sic] role as an advocate for the State, are entitled to the protection of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and the appropriate preparation for its presentation at trial.

*Buckley v. Fitzsimmons*, —— U.S. ——, ——, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993). The initiation or cessation of criminal prosecution is an act shielded by prosecutorial immunity. Consequently, Garner did not act outside the scope of her capacity as district attorney and as a result, she falls under the ambit of absolute immunity.

While it might be appropriate to dismiss plaintiff's malicious prosecution claim for lack

of a favorable termination, *see Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the threshold determination of the immunity question negates any need for further analysis. *See Boyd v. Biggers,* 31 F.3d 279, 285 (5th Cir.1994).

**b. *The Motion for Summary Judgment of the Cause of Action for False Imprisonment***

■ To state a claim for false imprisonment or arrest, plaintiff must allege his confinement was illegal and not the subject of a valid warrant or indictment. *Duckett v. Cedar Park,* 950 F.2d 272, 279 (5th Cir.1992). A detention effectuated pursuant to a warrant in conformity with the Fourth Amendment does not amount to a violation of the Constitution. *Stephenson v. Reno,* 28 F.3d 26 (5th Cir.1994).

■ In support of the motion for summary judgment, Sheriff Rains[1] submits a warrant for the arrest of plaintiff. The warrant specifically commands the arrest of Chuby Ray Lewis for retaliation against a police officer and is signed by Justice of the Peace J.A. Williamson. Additionally, an affidavit from the arresting officer, Deputy Sheriff D.W. Cross, is submitted and supports the allegation that the arrest was effectuated pursuant to warrant # 8579. The warrant was issued on July 22, 1992 and executed on August 14, 1992. The warrant appears valid on its face and sports no irregularities which might vitiate its lawfulness. In addition, there has been no allegation the warrant was improperly obtained. Consequently, there remain no issues of material fact with regard to the claim for false imprisonment or arrest.

### III. RECOMMENDATION

Both motions for summary judgment should be granted.

---

**1.** The Houston County Jail is not a legal entity capable of suit. *See Wright v. El Paso County Jail,* 642 F.2d 134, 136 n. 3 (5th Cir.1981). Because courts are required to construe the pleadings of a pro se litigant liberally, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96,

### IV. OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C) (West Supp.1985).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Rodriguez v. Bowen,* 857 F.2d 275 (5th Cir.1988).

SIGNED this 13th day of December, 1994.

---

30 L.Ed.2d 652 (1972), the court accepted the pro se answer submitted by Sheriff Jimbo Rains on behalf of the Jail. This answer preceded a formal answer from the Houston County Attorney.