IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11181
Summary Calendar

_____

REX ELWIN MORRISON,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CV-286-Y
--------------------
May 5, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Rex Elwin Morrison (#323706), a state prisoner, has appealed the district court's order granting the respondent's motion for summary judgment and ordering the dismissal of his application for a writ of habeas corpus. Previously, Morrison's request for a certificate of appealability ("COA") was granted and Morrison was authorized to raise two questions on appeal: (1) whether Morrison's rights under the Establishment Clause of the First Amendment were violated because he was required to participate in a 12-step substance abuse programs as a condition of his parole;

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and (2) whether Morrison's right to due process was violated because he was not provided with an additional hearing prior to the revocation of his parole on March 9, 1998, after his unsuccessful stay at the Hondo Substance Abuse Felony Punishment Facility. Morrison contends that he is an atheist and that he was required, as a condition of his parole, to participate in a 12-step program, which required that he accept all program concepts, including the belief in a "Higher Power." The respondent contends that the court should not consider this issue because it was not raised in the district court.

Morrison raised the Establishment Clause issue for the first time in his objections to the magistrate judge's report and recommendation. The district court did not discuss the issue in its order adopting the magistrate judge's findings and conclusions. An issue raised for the first time in objections to a magistrate judge's report may be construed as a motion to amend a complaint or petition. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996) (§ 2255 motion). The district court's failure to consider an issue raised for the first time in a litigant's objections to the magistrate judge's report and recommendation is reviewed for an abuse of discretion. See id.

Morrison was entitled to amend his § 2254 pleading once as of right because the respondent moved for summary judgment only and had not yet filed a responsive pleading. Fed. R. Civ. P. 15(a); see Barksdale v. King, 699 F.2d 744, 746-47 (5th Cir. 1983); McGruder v. Phelps, 608 F.2d 1023, 1025 (5th Cir. 1979). Although the district court's failure to consider the

Establishment Clause issue is understandable because it was not delineated by Morrison as a separate issue, see Fisher v. Texas, 169 F.3d 295, 299 (5th Cir. 1999) (although issue is "obliquely" raised, pro se litigant's pleadings must be liberally construed), Morrison did state unambiguously that his parole was revoked because he refused to express a belief in a "higher power."  We VACATE the judgment in part and REMAND the case for further proceedings on this issue and on the question whether Morrison's right to due process was violated because the respondent failed to hold an additional hearing prior to finally revoking Morrison's parole on March 9, 1998.  We neither express nor intimate any opinion regarding the merits of these issues or whether, as the respondent contends, the issues have been defaulted because Morrison failed to raise them in his state habeas proceeding.

Morrison raises additional arguments regarding issues which were not certified for appeal.  This court's appellate review is limited to issues specified in the order granting COA.  See United States v. Kimler, 167 F.3d 889, 892 n.4 (5th Cir. 1999).

Morrison's motions for a protective order and to compel "release of traverse pleadings and exhibits" are DENIED. Morrison's motion to file "Traverse Pleadings" out of time is DENIED AS MOOT.

JUDGMENT VACATED AND REMANDED IN PART; MOTIONS DENIED.