NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 16, 2018[*]
Decided January 29, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1681

| | |
|---|---|
| DONYALL EARL WHITE, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:17-cv-0029-SEB-TAB |
| WENDY KNIGHT and CORRECTIONAL INDUSTRIAL FACILITY, *Defendants-Appellees*. | Sarah Evans Barker, *Judge*. |

**O R D E R**

Donyall White, an Indiana inmate, sued his prison and its superintendent under 42 U.S.C. § 1983, alleging that they violated the Eighth Amendment during temporary

---

[*] We have agreed to decide the case without oral argument because the appellant's brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C). The defendants were not served with process in the district court and are not participating in this appeal.

lockdowns by restricting toilet access to once every two hours. The district judge screened the complaint under 28 U.S.C. § 1915A and, after a round of amendments, dismissed it with prejudice for failure to state a claim upon which relief could be granted. We affirm.

White's initial complaint named as defendants prison superintendent Wendy Knight and the Correctional Industrial Facility and asserted that limits on toilet access during temporary "lockdowns" constituted cruel and unusual punishment. (White has misnamed the prison at times during these proceedings; we have reformed the caption accordingly.) White alleged that the prison's cells do not contain individual toilets and that inmates use communal bathrooms; how often they may usually do so is unclear from the complaint. But during lockdowns, White alleged, inmates may use a toilet only once every two hours. As a result of this limitation, he said, he has had "inadequate sanitation" in his cell. One time, he defecated on his cell floor. Another time, he alleged, he asked a guard to use the bathroom; the guard refused and told him to "shit on himself"; and White then defecated in a bag in his cell, thereby causing him to develop post-traumatic stress disorder. (White did not sue the guard and did not allege a specific medical need that required him to use the bathroom more often than other inmates.)

At screening the district judge dismissed the complaint without prejudice, identifying three problems for White to address by amendment. First, White did not allege what role Knight personally played in the denial of his toilet access. Second, the judge ruled that the prison itself is not a "person" subject to suit under § 1983. Third, and in any event, the judge decided that limiting toilet access to once every two hours during lockdowns does not amount to cruel and unusual punishment and therefore determined that White did not state an Eighth Amendment claim.

White timely filed an amended complaint, this time alleging that Knight personally formulated the policy of allowing prisoners to use the toilet only once every two hours during lockdowns. He also clarified that the policy did not allow prisoners to use the bathroom at times that they requested; rather the guards gave prisoners "a certain time" during the two hours in which they had the opportunity to use a toilet. He further contended that the Eighth Amendment grants him the right to "24 hour access to a toilet."

Upon screening the amended complaint, the district judge opined that it was "nearly identical" to the first one and dismissed it with prejudice "[f]or the reasons set forth" in her previous order. She did not separately address the new allegations about Knight's role in crafting the bathroom policy and the policy's timing for inmates' bathroom visits. White moved to alter the judgment under Federal Rule of Civil Procedure 59(e), essentially reasserting his Eighth Amendment challenge to the bathroom policy—to no avail.

On appeal White maintains that permitting a prisoner toilet access only once every two hours violates the Eighth Amendment's ban on cruel and unusual punishment. Because White's amended complaint was dismissed at screening, we evaluate this argument by examining the allegations de novo. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Under that standard, the district judge appropriately dismissed the claim against Knight.

Conditions of confinement count as cruel and unusual punishment only when they deny an inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison officials violate the Eighth Amendment by displaying "deliberate indifference" to a "substantial risk of serious harm" to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted). Because prison is designed to be punitive, however, the Supreme Court expects that many "restrictive and even harsh" conditions may be normal in a Constitution-compliant prison. *Rhodes*, 452 U.S. at 347.

In line with these standards, case law recognizes long-term deprivations of modern toilet facilities as potential Eighth Amendment violations. The cases that White cites for support illustrate that point. For example, in *Kirby v. Blackledge*, 530 F.2d 583 (4th Cir. 1976), the Fourth Circuit entertained a claim by a plaintiff who was held for three months in a cell with "no toilet facilities, save a hole in the floor." *Id.* at 586. Meanwhile, *Howard v. Wheaton*, 668 F. Supp. 1140 (N.D. Ill. 1987) involved the alleged denial of "access to a functioning toilet" for 13 days. *Id.* at 1141. And in *Strachan v. Ashe*, 548 F. Supp. 1193 (D. Mass. 1982), the prisoner had no access to a modern toilet for two weeks and during that span was "required to discharge his bodily wastes into a bucket" that was "emptied every 24 hours." *Id.* at 1199.

But no decision cited by White or known to us suggests that the temporary imposition, during lockdowns, of a once-every-two-hours limit on the use of a toilet

violates society's minimum standards of decency under *Rhodes* or yields a serious risk of causing post-traumatic stress disorder. *Cf. Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (concluding that merely "temporary" deprivation of toilet access did not violate Constitution); *cf. also Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (deciding that temporary neglect of prisoner's hygienic needs did not violate Eighth Amendment). We do not mean to minimize the discomfort, pain, or embarrassment that even slight limits on toilet access can cause. But the lockdown policy attributed to Knight here is not so degrading or dangerous that it meets the standard for an Eighth Amendment violation under *Rhodes* and *Farmer*.

We can leave to one side the question whether *Farmer* would require a different analysis for a prisoner who alleges that his particular need for an exemption from a general bathroom policy arises from a medical condition that is known to the defendants at the relevant time. To be sure, an administrative grievance attached to the initial complaint recounts an incident in which White told a guard that he had taken some kind of lunchtime medication that was affecting his bathroom needs. But the guard is not a defendant here, neither of the complaints makes anything of this medication issue, and White does not allege that Knight knew about his unspecified medications.

As for the defendant prison, the Correctional Industrial Facility, a building is not a person capable of being sued under § 1983. *See Guidry v. Jefferson Cty. Det. Ctr.*, 868 F. Supp. 189, 191 (E.D. Tex. 1994); *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *cf. Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991). White contends that because the facility is "part of a corporation," it can be sued under § 1983. But the fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983.

Because the district court correctly decided that White did not state a claim in his amended complaint, we AFFIRM the judgment.