Richard **GALLEGOS**, Jr., Plaintiff–Appellant,

v.

**STATE OF LOUISIANA CODE OF CRIMINAL PROCEDURES ART. 658 PARAGRAPH A AND C(4)**, Defendant–Appellee.

No. 88–3283

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 31, 1988.

Richard Gallegos, Jr., Slidell La., pro se.

Before CLARK, Chief Judge, JOHNSON and JOLLY, Circuit Judges.

PER CURIAM:

*Pro se* plaintiff Richard Gallegos, Jr. brought a declaratory judgment action in the United States District Court for the Eastern District of Louisiana seeking a finding that article 658, paragraphs A and C(4), of the Louisiana Code of Criminal Procedure is unconstitutional. Following the instigation of this action, Gallegos was committed to a Louisiana state mental hospital pursuant to the challenged provision. Gallegos, acting *pro se*, mistakenly named the code provision as the defendant in his declaratory judgment action. Based upon this procedural error, the district court dismissed Gallegos' action without prejudice. Because of Gallegos' current commitment and the obvious purpose of his action, in the interest of justice we vacate the district

**1092**

court's dismissal and remand this action with directions to allow Gallegos to amend his pleadings to name his custodian as respondent so that the issues he seeks to raise can be adjudicated on their merits. 28 U.S.C. § 2106.

In October of 1986, Gallegos was found not guilty by reason of insanity of two counts of possession of controlled substances, one count of discharging a firearm in public, one count of obstruction of an officer, and one count of aggravated assault, all state offenses. Thereafter, Gallegos was ordered committed to the Feliciana Forensic Facility in Jackson, Louisiana, a state mental hospital. After serving a period of commitment at Feliciana, Gallegos was released on probation pursuant to La. C.Crim.P. Art. 657. As a condition of his probation and in accordance with article 658 of the Louisiana Code of Criminal Procedure, it was ordered that Gallegos would be recommitted to the Feliciana facility if he violated the terms of his probation or he became a danger to himself or others. Gallegos brought his declaratory judgment action to determine the constitutionality of this order and article 658. Later, Gallegos was recommitted to Feliciana pursuant to this order and article.

Gallegos argues in his declaratory judgment action that article 658 is an unconstitutional violation of equal protection and due process because it permits recommitment on a finding of propensity for danger alone; Louisiana law allows commitment only upon a dual showing of mental illness and dangerousness. La.C.Crim.P. article 654. *State v. Babin*, 319 So.2d 367, 381 (La.1975). This court neither makes nor intimates any decision on the merits of this argument. We note only that it is not frivolous and Gallegos is entitled to have the district court decide the merits of the issues he raises. In *Jackson v. Foti*, 670 F.2d 516, 522 (5th Cir.1982), this court, addressing Louisiana law, stated, "Unless Jackson presently is mentally ill, ... he may not be committed to an institution. The propensity for danger is not enough. Mental institutions exist for the benefit of those who can be helped by care and treatment or who require custodial attention. They are not substitutes for prisons."

Gallegos' action for declaratory judgment was dismissed solely because he failed to name any individual or legal entity as a defendant, and instead named as a defendant the Louisiana Code of Criminal Procedure article 658. Although this is a clear error, Gallegos' intent is also clear. Initially, it was to prevent recommitment to a Louisiana state mental facility, and now it is to effect his release. A *pro se* plaintiff such as Gallegos should be accorded leniency and should be permitted to amend his pleadings when it is clear from his complaint that there is a potential ground for relief. *See Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir.1982). This is particularly true when the plaintiff is committed or incarcerated and delay carries severe punishment.

We therefore vacate the dismissal of the plaintiff's action and remand this action to the district court with instructions to permit the plaintiff to amend his pleadings to name his custodian as a respondent so that the merits of the argument he seeks to raise may be determined at the earliest possible date.

VACATED and REMANDED with directions.