IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20475
Conference Calendar

_____

MICHAEL DWYER MCCULLOUGH,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE -
INSTITUTIONAL DIVISION,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA H-93-2709
- - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Michael Dwyer McCullough filed a pro se civil rights complaint, 42 U.S.C. § 1983, against the Texas Department of Criminal Justice - Institutional Division alleging that he was improperly denied good-time credits. The district court dismissed the complaint as barred by the Eleventh Amendment. McCullough filed a timely notice of appeal from the judgment and a Rule 60(b) motion. The district court denied the Rule 60(b) motion because any § 1983 claim was premature under Heck v. Humphrey, 114 S.Ct. 2364 (1994).

_____

[*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

The district court should permit a pro se plaintiff to amend a complaint if it appears that there is a potential ground for relief, see Gallegos v. La. Code of Criminal Procedures Art. 658, 858 F.2d 1091, 1092 (5th Cir. 1988), but the district court need not permit futile amendments. See Davis v. Louisiana State Univ., 876 F.2d 412, 413-14 (5th Cir. 1989). McCullough's claim is not cognizable under § 1983; the district court properly dismissed the complaint. Heck, 114 S. Ct. at 2372.

McCullough's argument that the district court improperly dismissed the complaint as barred by the Eleventh Amendment need not be addressed. McCullough's claim is not cognizable under Heck, and the judgment is affirmed on this alternative ground. See Sojourner T. v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992), cert. denied, 113 S. Ct. 1414 (1993).

McCullough did not file a notice of appeal after the district court denied his Rule 60(b) motion; this court does not have jurisdiction over the order denying the motion. McKethan v. Texas Farm Bureau, 996 F.2d 734, 744 (5th Cir. 1993), cert. denied, 114 S. Ct. 694 (1994).

We caution McCullough that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, McCullough is further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

Appeal DISMISSED. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.