**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 95-10588
(Summary Calendar)

EDWARD CHARLES CROCKETT,

Plaintiff-Appellant,

versus

M. A. THORNE, Officer,
Fort Worth Police Department,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(4:91CV00470)

November 17, 1995

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Edward Charles Crockett appeals from the

district court's order granting the motion of Defendant-Appellee

---

[*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

M. A. Thorne, for a summary judgment dismissing Crockett's complaint under 42 U.S.C. § 1983. In addition, Crockett here complains that the district court erred in denying his motions for (1) a Spears[1] hearing, (2) production and discovery, (3) appointment of counsel, and (4) leave to amend his complaint to add a demand for punitive damages, a demand for jury trial, and additional defendants. Concluding that the district court erred in granting summary judgment of dismissal, in refusing to permit Crockett to amend his complaint to add a demand for punitive damages, and in failing to consider his motion to add additional defendants, we reverse in part and remand; however, we affirm the court's denial of Crockett's motions to amend to demand a jury trial, and for appointment of counsel. Given our reversal of the summary judgment in favor of Thorne and remand for further consistent proceedings, including a ruling on the motion to add defendants, Crockett's appellate issues concerning a Spears hearing and production and discovery of evidence are moot. Finally, we deny Crockett's motion for appointment of appellate counsel.

I

FACTS AND PROCEEDINGS

Crockett filed a civil rights complaint against Fort Worth Police Officer Thorne, alleging use of excessive force in arresting Crockett. In his verified complaint, Crockett alleged the following facts. Officer Thorne stopped Crockett and another person on the street and asked for identification. The officer

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

then attempted to search Crockett, but he started to walk away after the officer acknowledged that he did not have an arrest warrant. Officer Thorne then grabbed Crockett and struck him with a baton. Crockett managed to run away, but was apprehended by another Fort Worth policeman, Officer Johnson, who was brandishing his service revolver. Crockett complied with Johnson's command to kneel and was handcuffed by Johnson. While he was thus cuffed and kneeling, Crockett was struck by Thorne in the back of the head with the officer's police baton, as a result of which Crockett's head was "split open."

Crockett filed a motion for appointment of counsel, which was denied by the district court. He also filed motions (1) for discovery, (2) to amend his complaint, and (3) for a Spears hearing, all of which were denied by the district court.

Officer Thorne filed a motion to dismiss or for summary judgment, attaching his affidavit and another from Officer Johnson. In his own affidavit, Thorne averred: He had reviewed a videotape of an individual, later identified as Crockett, robbing a convenience store. While patrolling the neighborhood the following morning, Officer Thorne saw Crockett walking with a person known to Thorne. He did not initially recognize Crockett as the individual seen the day before on the videotape of the store robbery, but Crockett immediately began to run from the area as Thorne approached. Thorne yelled at Crockett to stop and called for backup. Crockett stopped and returned to the area, whereupon he was recognized by Officer Thorne as the individual seen on the

3

videotape robbing the convenience store. Thorne again requested backup. When the backup arrived in a police vehicle, Crockett began to run. Thorne grabbed Crockett's left arm, told him that he was under arrest, and ordered him to place his hands on the car. Instead, Crockett struggled with and hit Thorne with his right fist on the left side of Thorne's face, in response to which Thorne drew his baton and struck Crockett three times: across the chest, on the shoulder or arm, and on the back. Crockett continued to struggle, eventually pulling free of his shirt and running. As Officer Thorne gave chase, he dropped his baton and it fell under the patrol car. He pursued Crockett around several apartments until Crockett jumped a fence, only to be met by Officer Johnson who was brandishing his service revolver. That allowed Thorne to jump on Crockett's back and attempt to handcuff him. Crockett continued to struggle, however, so Officer Johnson too grappled with Crockett, and all three men fell to the pavement. Crockett was subdued, handcuffed, and taken to Officer Johnson's car. Officer Thorne did not have with him his baton or flashlight or any object that he could have used to strike Crockett when finally apprehended.

In his affidavit, Officer Johnson averred: He received the radio call from Officer Thorne, stating that he had a suspect on foot and needed backup. Johnson arrived in the area and observed Thorne chasing a black male, later identified as Crockett, so Johnson began running along a fence in the vicinity of the chase. Crockett jumped the fence, landing close to Officer Johnson, who aimed his revolver at Crockett. Officer Thorne then arrived and

4

attempted to handcuff Crockett, but he continued to struggle with Thorne. Officer Johnson holstered his weapon, then grabbed Crockett. After the three men fell to the ground, Officer Thorne was able to handcuff Crockett. Officer Thorne did not have a baton or a large flashlight with him at the time of the scuffle, and Johnson never observed Thorne striking Crockett.

Crockett filed an opposition to Officer Thorne's dismissal and summary judgment motion, reasserting that there were eyewitnesses to the incident who would testify that they saw Thorne hit Crockett in the head with a baton while he was on his knees and handcuffed. He reiterated that he was hit three times with a baton by Thorne after being subdued and cuffed.

The district court denied Thorne's motion to dismiss, concluding that Crockett's complaint stated a claim upon which relief could be granted, but the court reserved its judgment on Thorne's motion for summary judgment. Crockett filed another motion for leave to file an amended complaint to add the City of Fort Worth and its police chief as defendants (the district court did not address this motion prior to entering summary judgment to dismiss this case).

Crockett filed a motion for summary judgment, again urging that Officer Thorne had used excessive force for which Crockett is entitled to damages. The district court denied Crockett's motion for summary judgment after determining that he had failed to present any evidence that would enable the court to decide that no genuine issues of material fact remained for trial.

5

The district court granted Thorne's motion for summary judgment, ruling on the basis of the affidavits submitted that Thorne had carried his initial burden of demonstrating the lack of a genuine issue of fact, that Crockett had submitted no summary-judgment evidence because he had not submitted any statement made under oath, and that Thorne thus was entitled to judgment as a matter of law.

## II

### ANALYSIS

On appeal, Crockett insists that the district court erred in granting Thorne's motion for summary judgment. Crockett notes that the court's order was based on the mistaken conclusion that he had failed to submit any summary judgment evidence. In arguing again that his witnesses would testify that they saw Thorne hitting Crockett with the baton while he was on his knees, Crockett correctly notes that his verified complaint meets the evidentiary requirements for opposing summary judgment. Complaints and other submissions to the court that are made under penalty of perjury are considered competent summary-judgment evidence. Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988). The party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (internal quotations and citation omitted).

"[A]ll claims that law enforcement officers have used

6

excessive force--deadly or not--in the course of an arrest, investigatory stop, or other `seizure' of a free citizen should be analyzed under the Fourth Amendment and its `reasonableness' standard . . . ." Graham v. Connor, 490 U.S. 386, 395 (1989). Crockett's assertions in his complaint, made under penalty of perjurySQthat he was struck three times in the head by Thorne with his baton after Crockett had been captured and handcuffed, causing his head to "split open"SQwere directly contrary to the facts set forth in the affidavits submitted by Thorne and Johnson denying that such force was used following Crockett's capture. These contrary statements are sufficient to create a genuine issue of material fact regarding the application of force vel non, and reasonableness of the degree of the force, if any, used by Thorne. The district court erred in granting summary judgment in the face of this disputed issue of fact. See Wilson v. Ector County Jail, No. 93-8877, slip op. at 5, (5th Cir. July 22, 1994) (unpublished; copy attached) (plaintiff's complaint and other submissions made under penalty of perjury that directly contradicted the affidavits submitted by the defendants precluded the grant of summary judgment); Johnson v. Dubroc, No. 92-3452, slip op. at 5-7 (5th Cir. Aug. 11, 1993) (unpublished; copy attached) (inmate's allegations, in his verified complaint, of the use of excessive force by a prison guard were sufficient to preclude summary judgment). We are, therefore, constrained to remand this case for further proceedings.

Crockett contends that the district court also committed error

in failing to conduct a <u>Spears</u> hearing and in denying Crockett's motion for discovery and production of documents. He argues that these rulings prevented him from showing that there are genuine issues of material fact for trial and, thus, violated his due process rights. Given our holding that Crockett's verified complaint was sufficient to create an issue of fact for trial and thus avoid summary judgment, this contention is moot.

As he did in the district court, Crockett also requests that we appoint counsel for him. He argues that the district court erred in refusing to appoint trial counsel, insisting that his case involves issues too complex for him to represent himself. He contends that he cannot investigate the case and that he is not capable of conducting direct and cross-examination of the witnesses at trial.

The district court may appoint counsel in civil rights cases presenting "exceptional circumstances." <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212 (5th Cir. 1982). Factors to be considered, among others, are the complexity of the issues and the plaintiff's ability to represent himself adequately. <u>Id</u>. at 213. Crockett's case is not factually or legally complex. Also, his pleadings demonstrate an ability to represent himself adequately. As such, the district court did not abuse its discretion in denying Crockett's motions for appointment of counsel; for the same reason we deny his motion for appointment of counsel on appeal.

Crockett asserts that the district court erred in denying three motions to amend his complaint. After responsive pleadings

8

have been filed, leave to amend a party's pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A district court's decision to grant or deny leave to amend is not broad enough to permit denial "if [it] lacks a substantial reason to deny leave." Jamieson v. Shaw, 772 F.2d 1205, 1208 (5th Cir. 1985) (internal quotations and citations omitted). A pro se petitioner should be permitted to amend his petition when it is clear that there is a ground for relief. Gallegos v. La. Code of Criminal Procedures Art. 658, 858 F.2d 1091, 1092 (5th Cir. 1988).

Crockett argues that the district court should have allowed him to amend his complaint to include a punitive-damages claim against Thorne individually. A defendant who demonstrates "reckless or callous indifference to the federally protected rights of others" or is "motivated by evil motive or intent" can be liable for punitive damages under § 1983. Smith v. Wade, 461 U.S. 30, 56 (1983). Based on Crockett's allegations that Thorne used excessive force, Crockett was entitled to seek punitive damages from Thorne. The district court did not give reasons for denying Crockett's motion to amend. Facially, then, the court abused its discretion in not permitting Crockett to amend his complaint to include such a claim.

Crockett makes the same argument regarding the court's failure to permit him to amend his complaint to demand a jury trial. Fed. R. Civ. P. 38(b) requires that a party demand a trial by jury on any issue triable of right by a jury by "serving upon the other parties a demand therefor in writing . . . not later than 10 days

after the service of the last pleading directed to such issue." A party's failure timely to serve and file a demand as required by subparagraph (b) of Rule 38 "constitutes a waiver by the party of trial by jury." Fed. R. Civ. P. 38(d). Officer Thorne filed his answer on August 21, 1991, yet Crockett did not file his motion to amend to add the jury demand until October 27, 1992. Thus, the amendment was late as a Rule 38 demand for a jury trial. Crockett did not offer any reasons for his delay in making a jury demand in his motion, and he has presented none on appeal. Neither has he alleged that he was ignorant of the Rule 38 requirement that a jury demand must be made within specified time limits. Therefore, the district court did not abuse its discretion in denying the motion.

The district court has yet to rule on Crockett's motion to amend to add the City of Fort Worth and its police chief as defendants. The district court should address this motion on remand.

III

CONCLUSION

As Crockett's complaint containing specific factual assertions was verified, it constituted summary judgment evidence. In this instance that evidence is sufficient to create a genuine dispute of material fact. Therefore, summary judgment dismissing his complaint as a matter of law is precluded. Particularly in light of his pro se status, Crockett was entitled to amend his complaint to assert a claim of punitive damages; the district court's refusal to grant leave thus to amend was an abuse of discretion. We

10

therefore reverse the court's summary judgment of dismissal and its denial of Crockett's punitive damages motion to amend, remanding this case for further proceedings consistent with these holdings. We affirm, however, the court's refusal to appoint counsel for Crockett, and we deny Crockett's motion for appointment of appellate counsel as well. His complaints regarding a <u>Spears</u> hearing and his motion for production and discovery are moot in light of our reversal of the summary judgment; neither can he prevail in his untimely attempt to obtain a civil jury trial. On remand, however, the district court should address Crockett's motion to amend his complaint to add parties defendant, no action having yet been taken by the district court on that pending motion.

AFFIRMED in part, REVERSED and REMANDED in part.