IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50201
Summary Calendar
_____

DAVID BRYAN BALLARD,

Plaintiff-Appellant,

versus

STATE OF TEXAS, Institutional Division, Huntsville, Texas, et al,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-783-JN
---------------------
August 30, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Bryan Ballard appeals the dismissal of his civil rights suit against the Huntsville Unit of the Texas Department of Criminal Justice. Ballard argues that his sentence was supposed to end in June 25, 1998, and that he continued on parole until November 1999. He states, as he did in the district court, that, at a hearing in Amarillo, Texas, a representative from the Huntsville Unit admitted that Ballard's sentence had ended. Ballard states that he was released at that time.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ballard's allegation, which alludes to a state tribunal possibly declaring his sentence beyond June 1998 invalid, could state a valid 42 U.S.C. § 1983 claim not barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Also, though the Texas Department of Criminal Justice is protected by the Eleventh Amendment from suits for money damages, see Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998), a pro se plaintiff who has named the wrong defendant should be permitted to amend his pleadings when it is clear from his complaint that there is a potential ground for relief. Gallegos v. La. Code of Criminal Procedures Art. 658, 858 F.2d 1091, 1092 (5th Cir. 1988).

It is not clear from the current record that Ballard's claim is frivolous. See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). The district court's dismissal of Ballard's complaint is VACATED and the case is REMANDED for further proceedings.