United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41086
Summary Calendar
_____

MICHAEL C. ANTONELLI,

Petitioner-Appellant,

versus

HARLEY LAPPIN, Director,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-253-TH-ESH
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Michael C. Antonelli, federal prisoner # 45053-164, filed a
28 U.S.C. § 2241 petition, arguing that as a result of an invalid
and unconstitutional bank fraud conviction in 1997, he lost
credit for 17 months of time spent on federal parole under an
"old law" conviction.  Antonelli sought to invalidate the 1997
bank fraud conviction and the recovery of the lost credit.  The
district court dismissed the petition for lack of subject matter
jurisdiction, concluding that because Antonelli was no longer "in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

custody" for the 1997 conviction, the court lacked jurisdiction to consider his challenges.

To the extent that Antonelli sought to attack his 1997 conviction, the district court correctly concluded that he could not do so. See 28 U.S.C. § 2255 ¶ 1; Maleng v. Cook, 490 U.S. 488, 492 (1989). However, Antonelli also indicated in his petition that he was attacking a "parole problem" and the forfeiture of 19 months of "street time."

To the extent Antonelli is challenging a decision by the United States Parole Commission and its effects on his parole, he may proceed under 28 U.S.C. § 2241. See Blau v. United States, 566 F.2d 526, 527-28 (5th Cir. 1978)(per curiam). Because Antonelli challenges his 1997 conviction in the context of its effect on his outstanding sentence of parole, the district court had the authority to consider the merits of those claims. See Sammons v. Rodgers, 785 F.2d 1343, 1344-45 (5th Cir. 1986). Although the Director of the Bureau of Prisons may not be the proper party respondent for a 28 U.S.C. § 2241 action challenging a decision by the United States Parole Commission, a pro se plaintiff who has named the wrong defendant should be permitted to amend his pleadings if there is a potential ground for relief. Gallegos v. La. Code of Criminal Procedures Art. 658, 858 F.2d 1091, 1092 (5th Cir. 1988). Consequently, the judgment of the district court is VACATED, and the case is REMANDED to the district court for further proceedings.