# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-40817

MICHAEL C. ANTONELLI

Petitioner-Appellant

v.

HARRY LAPPIN, Director,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-253

Before DAVIS, OWENS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael C. Antonelli, federal prisoner # 45053-164, filed a habeas corpus petition under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Texas asserting a "parole problem." Specifically, Antonelli challenged the effect of his 1997 bank fraud conviction on the United States Parole Commission's ("the Commission") decision to forfeit nineteen months of his "street time." The district court denied Antonelli's petition. We VACATE the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's opinion and REMAND for further proceedings in accordance with this opinion.

## I. FACTS

In 1978, Antonelli was convicted and sentenced in the United States District Court for the Northern District of Illinois to twenty-two years' imprisonment for conspiring to commit an offense against the United States, misappropriating funds of a bank insured by the Federal Deposit Insurance Corporation, possessing destructive devices, destruction of property by explosives, and carrying a firearm during the commission of a felony. Antonelli was released on parole on February 11, 1986 but was arrested for bank fraud in September of 1987. Ten years later, the Government charged and obtained a conviction against Antonelli for this offense. As a result of Antonelli's bank fraud conviction, the Commission ordered that the "street time" served by Antonelli from February 11, 1986 through September 20, 1987 be forfeited.[1] Antonelli's appeal of the Commission's decision was unsuccessful.

In 1999, Antonelli was once again released on parole, but in 2001, the Commission issued a warrant for Antonelli for drug usage and failure to submit to drug testing. Later that same year, Antonelli was arrested for bank robbery. The Commission received notice of Antonelli's arrest on October 16, 2001. Antonelli's arrest ultimately resulted in a conviction and a sentence of seventy-two months' imprisonment. On September 12, 2002, the Commission issued a

---

[1] Under 28 C.F.R. § 2.52(c)(2), the Commission may forfeit the time that a parolee has spent in the community (i.e., "street time") where the parolee has incurred a conviction for criminal conduct while under parole supervision. The Commission's original order forfeiting Antonelli's "street time" was issued on October 13, 1998. However, the Commission mistakenly used September 2, 1987 as the termination point of the forfeiture and therefore issued a corrected order in 1999 using September 21, 1987 as the termination point of the forfeiture.

supplement to its warrant and ordered that the warrant be maintained as a detainer.

On April 24, 2004, Antonelli filed this petition for writ of habeas corpus pursuant to § 2241. He alleged that his 1997 bank fraud conviction was unconstitutional because: (1) he was "denied counsel at a critical stage of the trial"; (2) he was denied access to his legal papers; and (3) he was incompetent to stand trial. Consequently, Antonelli argued, the Commission acted unlawfully by using his 1997 bank fraud conviction to forfeit nineteen months of his "street time." The effect of this forfeiture as explained by Antonelli is that nineteen months of parole have now been "tacked on" to the end of the present sentence he is serving, thereby "making the time [he must] serve 19 months longer than it would otherwise be" without this "ancient" and "unconstitutional conviction." Antonelli requested that the district court "vitiate" his 1997 bank fraud conviction and order "[the Commission] and the Federal Bureau of Prisons to shorten [his] future parole term . . . by . . . 19 months."

The magistrate judge filed, and the district court ultimately adopted, a report and recommendation to dismiss Antonelli's petition, concluding that because Antonelli was no longer in custody for the 1997 conviction, the court lacked jurisdiction to consider his challenges. However, on June 14, 2005, this Court vacated the district court's judgment. *Antonelli v. Lappin*, 134 F. App'x 700, 701 (5th Cir. 2005). This Court held in relevant part:

> To the extent that Antonelli sought to attack his 1997 conviction, the district court correctly concluded that he could not do so. However, Antonelli also indicated in his petition that he was attacking a "parole problem" and the forfeiture of 19 months of "street time."

> To the extent Antonelli is challenging a decision by the United States Parole Commission and its effects on his parole, he may proceed under 28 U.S.C. § 2241. Because Antonelli challenges his 1997 conviction in the context of its effect on his outstanding

sentence of parole, the district court had the authority to consider the *merits* of those claims.

*Id.* (internal citations omitted, emphasis added). We then vacated the district court's judgment and remanded the case to the district court to consider the merits of the § 2241 petition.

On remand, the magistrate judge again recommended denying Antonelli's petition. The magistrate judge concluded that because Antonelli's offense was punishable by a term of imprisonment, the Commission was statutorily required to forfeit his "street time." The report and recommendation went on to state:

> [A] parolee may not collaterally attack a conviction upon which a decision to revoke parole or other action taken by the Commission was based. *See Frick v. Quinlin*, 631 F.2d 37, 39 (5th Cir. 1980); *United States v. Williams*, 558 F.2d 224, 227–28 (5th Cir. 1977). "Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." *Morrissey v. Brewer*, 408 U.S. 471, 490 (1972).

*Antonelli v. Gaines*, No. 1:04cv253 (E.D. Tex. Nov. 19, 2007). The district court adopted the magistrate judge's report and recommendation, denying Antonelli's § 2241 petition. *Antonelli v. Gaines*, No. 1:04cv253 (E.D. Tex. June 10, 2008). Antonelli appeals.

## II. STANDARD OF REVIEW

When considering a district court's denial of habeas relief under § 2241, we review findings of fact for clear error and issues of law de novo. *Royal v. Tombone*, 141 F.3d 596, 599 (5th Cir. 1998).

## III. ANALYSIS

On remand, we determined that the district court "had the authority to consider the merits of those claims." Instead of considering the merits of

Antonelli's claims, the district court ruled that "those claims" constituted a collateral attack on the original conviction, which Antonelli could not challenge. However, the district court did not consider the merits of the claims. Under the law of the case doctrine, our prior decision in this matter is binding on this panel, as well as the district court. *Fuhrman v. Dretke*, 442 F.3d 893, 896 (5th Cir. 2006).[2] "Under this doctrine, a prior decision will be followed without re-examination unless, *inter alia*, 'there has been an intervening change of law by a controlling authority.'" *Pondexter v. Quarterman*, 537 F.3d 511, 523 (5th Cir. 2008) (quoting *United States v. Agofsky*, 516 F.3d 280, 283 (5th Cir. 2008)). There has been no such intervening change of law.[3]

The Government offers no arguments in response to Antonelli's contention that the district court did not follow our mandate and make the determinations required by our prior opinion, and no reason for this failure is apparent from the record. Accordingly, to the extent Antonelli challenges the effect of his 1997 conviction on his outstanding parole sentence, we again remand this case to the district court with instructions to make factual findings and appropriate legal conclusions based on those findings as to the merits of Antonelli's claims asserted in his § 2241 petition. These determinations are not for the purpose of

---

[2] "The law of the case doctrine provides that 'an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.'" *Fuhrman*, 442 F.3d at 896 (quoting *United States v. Becerra*, 155 F.3d 740, 752 (5th Cir. 1998)). Because none of the exceptions to the law of the case doctrine apply here, the mandate rule required the district court on remand to "'implement both the letter and the spirit of [our prior] mandate.'" *Id.* at 897 (quoting *Becerra*, 155 F.3d at 753). The district court was not free to "disregard the 'explicit directives' of [this] [C]ourt." *Id.* (quoting *Becerra*, 155 F.3d at 753).

[3] In objecting to the report and recommendation, Antonelli argued that he was entitled to merits review under *Daniels v. United States*, 532 U.S. 374 (2001), and *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001). We need not address these arguments here because the same result is required under the law of the case doctrine. Moreover, given that those cases were decided prior to the 2005 remand order issued in this case, it is clear that they do not constitute an *intervening* change of law, and in any event, we must assume that the prior panel took them into account.

declaring the 1997 conviction invalid for all purposes but rather for the limited purpose of determining whether the 1997 conviction requires the forfeiture of nineteen months of "street time," as determined by the Parole Commission.

## IV. CONCLUSION

Accordingly, we VACATE the district court's judgment and REMAND for further proceedings in accordance with this opinion.

VACATED and REMANDED.